IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ERVIN JOINER, | : |
| Plaintiff, | : |
| VS. | : NO. 5:25-cv-00146-TES-ALS |
| HOUSTON COUNTY JUDICIAL CIRCUIT, | : |
| Defendant. | : |

# **ORDER**

Pro se Plaintiff Ervin Joiner, while a pretrial detainee in the Houston County Detention Facility in Perry, Georgia, filed a document that is docketed as a civil rights complaint brought under 42 U.S.C. § 1983. [Doc. 1]. Plaintiff did not pay the $405.00 filing fee nor did he request leave to proceed without prepayment of the filing fee.

On May 8, 2025, the Court ordered Plaintiff to pay the filing fee or, if indigent, submit a motion to proceed *in forma pauperis*. [Doc. 4]. The Court further ordered Plaintiff to recast his complaint and provided him instructions on how to do so. *Id*. Plaintiff was given fourteen (14) days to comply with the Court's order and was informed that failure to do so could result in dismissal of this action. *Id*. Plaintiff failed to respond.

On June 5, 2025, the Court notified Plaintiff that he failed to respond to an order of the Court, ordered him to show cause why this action should not be dismissed for failure to comply with the Court's order, and warned him that this action would be dismissed if he failed to respond. [Doc. 5]. Plaintiff was given fourteen (14) days to respond, but he

failed to do so.[1]

Accordingly, due to Plaintiff's failure to follow the Court's orders and failure to prosecute this action, the case is hereby **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order."); *Duong Thanh Ho v. Costello*, 757 F. App'x 912 (11th Cir. 2018) (holding that the district court did not abuse its discretion in sua sponte dismissing without prejudice prisoner's *pro se* § 1983 complaint for failure to comply with court order to file amended complaint where order expressly informed prisoner of deficiencies in his complaint and rules that he needed to follow in filing amended complaint).

**SO ORDERED,** this 21st day of July, 2025.

S/ Tilman E. Self, III  
TILMAN E. SELF, III, JUDGE  
UNITED STATES DISTRICT COURT

---

[1] Additionally, the Court mailed its orders to Plaintiff at both the Houston County Detention Center and the Georgia Diagnostic and Classifications Prison ("GDCP"). When GDCP returned mail to the Court for lacking a prison identification number (ECF No. 7), the Clerk of Court re-sent the orders (ECF Nos. 4, 5) to Plaintiff on June 23, 2025, with his identification number. No further mail sent to Plaintiff from the Court has been returned as undeliverable.